The opinion of the court was delivered by

Mr. Justice Richardson.

According to modern practice, the process of attachment ■against the person of an officer of the court is often used as a remedy in order to obtain justice for an individual suitor. But still such process must be always founded upon a contempt supposed to have been committed by the officer towards the court; and generally, by neglecting to execute the lawful order of the court. The doctrine upon this subject has been well considered in the case of The State, vs. the Sheriff of Charleston District, 1 Con. Rep. p. 152, (see also the whole doctrine, with the authorities, all referred to in 1 Bac. abr. 283; tit. Attachment, A.)
Now, wherein has the sheriff committed a contempt of the process of the court? He had in his hands a writ to ts^er'thq body of Joseph Basket, bat omitted to do so, upon the assurance of Hasket and receiving security by money deposited, that he would sue out the process of injuction and arrest the writ. In complying with this request, the sheriff ran the risk of rendering himself personally liable, if Hasket should not obtain the injunction; but in bringing upon himself this risk, he cannot be said to have committed a contempt. He acted rationally, if well assured that the condition of thg, indulgence to Hasket would be fulfilled, and the event has justified his con-, fidence, in as much as the injunction was obtained. Let us ask how the plaintiff would have been beneñtted, if the sheriff had taken the body of Hasket? Had he done so, Hasket must have been discharged the moment that the injuction was lodged *492 with the sheriff; so that the plaintiffs situation is not altered in this respect.
Irby, for motion.
O’Neal, contra.
-'sBut suppose even this point doubtful, or that the sheriff has rendered himself liable to the plaintiffs, neither of which •questions would I anticipate, still as there is at least no direct contempt, and as the sheriff may raise some questions in his de-fence, or shew that Haskct was insolvent, by way of lessening the damages, he should have an opportunity of doing so, ■and the plaintiffs be left to their remedy by action at - law; in which a jury would give damages commensurate with the injury actually sustained, by reason of any misconduct of the sheriff, and the harsh remedy by attaching the person upon a summary hearing, which is in the nature of a criminal proceeding, be avoided.
It is said that attachments for contempt are within the discretion of the court; and this is strictly true, where the contempt is clearly wilful, as for disobeying the order of the court and the like; but where the process of conten!?., is used in order to enforce justice between parties, as in the instance before us, it is to be considered as any other remedial process, the proper subject of appeal. The plaintiffs must therefore be left to their pemedy at law, and the motion granted.
ff$rCnson, and Colcoch, Justices, concurred.